**KHASHAYAR LAW GROUP**
Daryoosh Khashayar, Esq. (SBN 236496)
Taylor Marks, Esq. (SBN 308381)
12636 High Bluff Dr., Ste. 400
San Diego, California 92130
Phone: (858) 509-1550
Fax: (858) 509-1551
Email: daryoosh@mysdlawyers.com

ATTORNEYS FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

KAMBIZ ADIBZADEH, on behalf of himself and a class of all others similarly situated,

          Plaintiffs,

   vs.

BEST BUY CO., INC., a Minnesota corporation; GEEK SQUAD, INC., a Minnesota corporation; and DOES 1 through 150, inclusive,

          Defendants.

CASE NO.

**PLAINTIFFS' CLASS ACTION COMPLAINT FOR:**

1. **VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (California Civil Code §§ 1750, et seq.)**
2. **VIOLATION OF THE UNFAIR COMPETITION LAW (California Business & Professions Code §§ 17200, et seq.)**
3. **VIOLATION OF THE FALSE ADVERTISING LAW (California Business & Professions Code §§ 17500, et seq.)**
4. **VIOLATION OF LICENSE REQUIREMENT (California Business & Professions Code § 7592)**
5. **FAILURE TO PROVIDE OR CARRY TEMPORARY LICENSURE APPLICATION OR VALID REGISTRATION (California Business & Professions Code § 7598.7)**
6. **BREACH OF EXPRESS WARRANTY**
7. **NEGLIGENT MISREPRESENTATION**
8. **UNJUST ENRICHMENT**
9. **CONVERSION**
10. **BREACH OF CONTRACT**

## INTRODUCTION

Plaintiff KAMBIZ ADIBZADEH (hereinafter "Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendants BEST BUY CO., INC.; GEEK SQUAD, INC.; and DOES 1 through 150 (collectively referred to as "Defendants"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## FACTS COMMON TO ALL CAUSES OF ACTION

1.     The California legislature has upheld that citizens of California have the right to their privacy, their persons and their effects, real estate rights, their security and their safety.  As a result, the legislatives became concerned with the expanding traits of in-home security installations and monitoring of alarm and security systems where companies were conducting such work without extensive background checks, or being tied to organized and non-organized criminal entities. Some individuals working in the installation business have been convicted of felonies as a result of gaining access to citizens' homes under the pretext of installing and monitoring alarm systems, only later to use that information to cause robberies of the homes and place the homeowners and residence in the jeopardy of being harmed.

2.     As such, the legislature passed laws requiring alarm companies providing home security systems, whether it involves sales, install, service, repair, monitoring, or responders to alarm activities, to be licenced by the Bureau of Security and Investigative Services (BSIS).

3.     The legislatives allowed retail stores (such as Best Buy, Inc.) to sell the alarm systems without applicable licensure under BSIS, however, the sale must take place at the store and not take place at the customer's home. Also, the retail stores are forbidden to perform any alarm company functions, including

knowingly using unlicensed third party installation companies to install alarm systems in customers' homes. Any "in-home" sales of products must be in writing, and provided to the consumer purchasing the product with a notice of the right to cancel the contract within 3 days and/or having a "cooling off" period.

4.    The agent of the alarm installation company must be licensed, or carry a temporary application with the BSIS not longer than 120 days or as otherwise approved by the BSIS director.  The home owner must be shown the license or the application when asked, being that such license or each application of the same must be carried with the agent at all times. A license must be obtained and be at each branch of the store operated by the alarm installation companies.

5.    Defendants have failed to comply with BSIS requirements by failing to confirm licensure of the third party alarm installation companies that it utilized to install security systems in customers' homes. Nor did Defendants obtain, or at all times hold, a license to install home security systems.

## PARTIES

6.    Plaintiff KAMBIZ ADIBZADEH ("Plaintiff") was, at all relevant times, an individual residing in the State of California.

7.    Defendant BEST BUY CO, INC. is a retail stores of consumer electronics which also performs business in the sale of alarm systems.

8.    Defendant BEST BUY CO, INC. ("Best Buy"), is now, and at all times mentioned herein was, a Minnesota corporation doing business in the state of California as MN Best Buy Co., Inc.. Plaintiffs are informed and believe, and thereon allege, that Best Buy's headquarters is located at address commonly known as 7601 Penn Avenue S., Richfield, Minnesota 55423.

9.    Plaintiff is informed and believes, and thereon alleges, that Best Buy owns and operates its store location located at address commonly known as  3260 Buskirk Ave., Pleasant Hill, California 94524. Plaintiff is further informed and alleges that this location is identified as "Store # 135).

10.  Defendant GEEK SQUAD, INC. ("Geek Squad"), is now, and at all times mentioned herein was, a Minnesota corporation and a subsidiary of Best Buy. Plaintiffs are informed and believe, and thereon allege, that Geek Squad's headquarters is located at address commonly known as 7601 Penn Avenue S., Richfield, Minnesota 55423.

11.  Defendant GEEK SQUAD, is a company in whole or in part owned by Defendant BEST BUY and operates in connection to BEST BUY in the 'at-store' or "in-home" maintenance, repairs, installation of products sold by defendant BEST BUY.

12.  Defendants, and each of them, unlawfully utilized third party alarm installation companies that Defendants knew, or reasonably should have known, were unlicensed to perform the alarm installations. Furthermore, Defendants performed work specific to alarm companies which required a license, however, Defendants did not hold a license at the time of the work performed.

13.  Plaintiff is currently unaware of the true names and capacities of the defendants and/or employees of defendants, or third party contractors, or their employees assigned by Defendants for the "in-store" sales, or the "in-home" sales or installation of the alarm equipment in this action and therefore have named them by the fictitious names DOES 1 through 150, inclusive.  Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

14.  Plaintiff is informed and believes and on that basis alleges that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 150, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below.  Defendants Best Buy; Geek Squad; and DOES 1 through 150, inclusive, are hereinafter collectively referred to as "Defendants".

## GENERAL ALLEGATIONS

15.  The legislators passed BSIS laws for the purposes of preventing unlicensed persons from entering consumers' homes. Some may have criminal background and later decide to harm or rob the consumers of their possessions being that they were allowed to roam around consumers' homes and inspect their entire home, valuables and possessions and to intrude into their privacy all with the pretext of installing security systems. To prevent harm to consumers, the legislators made it mandatory that the installers of home security systems have a background check conducted and be licensed. Regardless of whether Best Buy ultimately acquired the proper license later, at all relevant times herein, Best Buy and their agents violated California law and thus are liable to Plaintiff and the Class for any installations performed by Best Buy, Geek Squad or their third party installers during the time that they did not possess the proper license.

16.  Named Plaintiff, KAMBIZ ADIBZADEH, was harmed by Defendants' actions when Defendants knowingly sold and used unlicensed installation companies to install a home security system in his residence. Plaintiff has now suffered from the improper installation of the system due to Defendants' violation of BSIS and resulting negligent and below standard work.

17.  In or about December of 2019, Plaintiff purchased a new residence for him and his family.

18.  On or about December 23, 2019, Plaintiff went to Best Buy Store # 135 for the first time to inquire into purchasing and installing a security system in and around the premises of his new home. Plaintiff's intent was to insure the peace of mind, safety and well being of his family and property through the use the security system.

19.  At the time Plaintiff entered Best Buy, he was directed to a Best Buy sales representative who worked in Best Buy's electronics and security system department. Plaintiff and one of Best Buy's sales representatives discussed the

various options and brands for security systems at length. Plaintiff ultimately decided to purchase the Google Nest System since the system would be monitored by a call center and had the capability to automatically contact Plaintiff and thereafter contact law enforcement authorities if suspicious activity on the property was detected or if the security alarm was activated.

20. Once Plaintiff had chosen the Google Nest System, the sales representative drew a handwritten sketch of Plaintiff's property indicating where security cameras may be installed and approximately how many security cameras would be installed by Best Buy.

21. Then, the sales representative spoke to his superiors and requested that a visit of Plaintiff's property was recommended in order to determine the best locations for the cameras and to see how the system was to be installed. The sales representative requested and received Plaintiff's telephone number so that Best Buy could contact him with more information for the site visit and installation.

22. Following this initial interaction, Best Buy's in-home representative coordinated a site visit to Plaintiff's property at which time the in-home representative, as well as the sales representative, inspected the entire property, redrew a new sketch of the property, and promised Plaintiff that they would be able to install and activate the Google Nest System on the property. Thereafter, Best Buy's in-home representative created an excel sheet and added prices for each item, and charged Plaintiff for the handwritten sketch, totaled the approximate cost of all hardware at $4,400.00 and invoiced Plaintiff $1,100.00 for installation of such hardware; all of which totalled approximately $5,500.00 for the site visit and payment in advance for the security system installation.

23. Plaintiff requested a copy of the excel sheet prepared by the representative, the receipt for the payment charged to his credit card, and a copy of the contract. Plaintiff requested said documents be provided to Plaintiff before either the sales representative or the in-home representative were to depart from

the premises, however, the in-home representative stated that he did not bring his printer with him and that the requested items above would be provided to Plaintiff as soon as he got back to the office and a finalized version of the above stated information could be imputed into a clean copy to be provided to Plaintiff.

24.   Plaintiff relied on Best Buy's in-home representative's promises, however, no such copies were ever provided to Plaintiff.

25.   Plaintiff and the sales representative stayed in contact to set up an appropriate time for the installation of the security system. The sales representative was in contact with his superiors and the in-home representative to set up a time for their installation which the in-home representative has stated would be an all-day work project and would be completed in one day which should begin at 7 am.

26.   The in-home representative expressly represented that Best Buy would be installing the security equipment through Geek Squad.

27.   After several unsuccessful attempts to get Geek Squad scheduled, an third party arrived at Plaintiff's property to install the equipment. Unbeknownst to Plaintiff, the third party installation company was not licensed to perform the installation.

28.   At the time the unknown third party contractor showed up to install the equipment, they asked for Plaintiff's personal passwords to the home's internet, to Plaintiff's personal cell phone, and used Plaintiff's personal phone for hours to figure out how to install the door lock and thermostat which prevented Plaintiff from answering office related calls and exposed Plaintiff's private information on his phone to the installers.

29.   The third party installers failed to complete the work in one day, as promised, and the work had to be rescheduled for another day; exposing Plaintiff to further security threats due to the fact that the unlicensed third party installers now had an opportunity to obtain information on Plaintiff's premises and personal property.

30.   Due to their lack of experience and knowledge, Plaintiff requested that Best Buy schedule different installers to finish the work and requested that the future scheduled time with the third party installers be cancelled.

31.   Plaintiff was never informed that any of the installers needed to have a license until approximately one month later, and on January 21, 2020, when Best Buy's in-home representative contacted Plaintiff to notify Plaintiff, for the first time, that Best Buy does not have the proper licensure to install security monitoring systems and that Best Buy will not go to Plaintiff's property to install the Google Nest System, as originally promised. The in-home representative provided two options: 1) either Plaintiff waits indefinitely until Best Buy and its agents receive their licensure to install the security system; or 2) have the items installed by one of their associated third-party installation companies. Based on Best Buy's representations, Plaintiff was under the impression that any company used through Best Buy would hold proper licensure to perform the installation.

32.   Plaintiff did not have an agreement or written contract between himself and the third party Installers hired separately by Best Buy for any installation services. Plaintiff had made his concerns known to Best Buy when the initial third party installers arrived at his home to install the security system. At the time Plaintiff purchased the security system he was promised by Defendants' representatives that Best Buy would be performing the installation. Plaintiff was expecting and had relied on Defendants' representations, experience, expertise, and the contract between Plaintiff and Defendants to do the work. Plaintiff relied on Defendants to properly install the alarm system within the bounds of legal requirements.

33.   Plaintiff's repeated requests and demands to Defendants for copies of the sales record, receipt, drawings, sketches, and a list of necessary security system hardware were futile. Plaintiff went as far as requested the records from the installer's supervisor, and their superiors, and all the way up the chain to the

corporate level, however, all requests to receive the records were ignored and Plaintiff never did receive a copy of the in-home notes and agreement which was drawn up at Plaintiff's home visit wherein Best Buy's in-home representative had expressed the complexities of installing the system at the time of the visit.

34.  Plaintiff patiently waited nearly a month with the belief that the installation was going to be completed properly, however, Best Buy never did follow through with its promise. Frustrated, Plaintiff finally decided to try and install the security system himself using the manufacture's help phone line. Plaintiff was able to install some, but not all, of the items sold to him by Best Buy and it took many weeks of frustrating trial and error and calls back and forth with the manufacture's help line at all times of the day and night to finally get only a few of those security product's installed.

35.  Best Buy has since failed to reimburse Plaintiff for the approximate $1,100.00 in installation fees despite Best Buy's inability to perform the installation due to lack of proper licensure. Best Buy knowingly or negligently retained unlicensed third-party installation companies to perform installation services for its customers, in violation of law.

36.  Defendants have violated applicable laws requiring Defendants to either obtain a license to install security systems or use licensed third parties to perform the installations. Defendants have been promulgating the misrepresentation to Plaintiff and the class that it is either qualified and certified to install the security equipment in Plaintiffs' homes or that it will properly obtain qualified and certified agents to perform such tasked. Defendants have placed Plaintiff and the Class at unreasonable risk of harm to persons and property due to Defendants' negligent acts and omissions.

37.  Named Plaintiff and the Class are entitled to full reimbursement of installation fees remitted to Defendants for installations performed by unlicensed entities and agents, including Defendants and its associated third parties.

## JURISDICTION AND VENUE

38.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendants.

39.  This Court has general jurisdiction over Defendants because they conduct substantial business within California such that Defendants have significant, continuous, and pervasive contacts with the State of California.

40.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the acts and events complained of in this Complaint have been committed in this District, Defendants conduct substantial business in this District, and because Plaintiff resides and suffered the alleged harm in this District.

41.  The relief Plaintiffs seek is within this Court's power to grant.

## CLASS ALLEGATIONS

42.  Plaintiff brings this action against Defendants on his own behalf and on behalf of all others similarly situated who were victims of Defendants' sale and installation of home security systems that were installed by unlicensed companies, including Defendants and their agents.

43.  Plaintiffs reserve the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

44.  Excluded from the Class are the Defendants, the officers and directors of the Defendants at all relevant times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants has or had a controlling interest.

45.  Plaintiff is a member of the class he seeks to represent.

46.  Defendants have thousands of customers that have paid or were

charged fees for the sale and installation of security systems by companies that were not properly licensed to perform installations. Best Buy either negligently or intentionally contracted with the unlicensed companies to provide installation services for its customers across the United States. Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the records of Defendant.

47. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants have breached contracts with its customers and whether their actions are fraudulent and unlawful.

48. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' false and misleading advertising and was charged for installation services despite Defendants, or their hired third party contractors, being unlicensed to perform said services. The named Plaintiff's interests do not conflict with the interests of any other members of the Class. Named Plaintiffs and Class members have been injured by the same wrongful policies, practices, and conduct of Defendants. Named Plaintiff's claims arise from the same practices and conduct that give rise to the claims of all Class members and are based on the same legal theories.

49. Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members that Plaintiff seeks to represent. Plaintiff has retained competent counsel experienced in prosecuting class actions and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his

counsel.

50.   The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**
**(California Civil Code §§ 1750, et seq.)**
(AGAINST ALL DEFENDANTS)

51.   Plaintiffs hereby incorporate be reference the allegations contained in all preceding paragraphs of this Complaint.

52.   Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendants.

53.  Plaintiff and Class members are consumers who paid fees for Defendants' installation of security systems on their property. Plaintiff and the Class are "consumers" as that term is defined by the Consumers Legal Remedies Act ("CLRA") in Cal. Civ. Code § 1761(d).

54.  Defendants' performance of inspections and security system installations is a direct violation of California law requiring licensure to perform

the installation described herein. Defendants' performance of inspections and security system installations that Plaintiff and Class members purchased from Defendants, is a "service" within the meaning of Cal. Civ. Code § 1761(b).

55. Defendants' actions, representations, and conduct have violated, and continue to violate, the CLRA because they extended transactions that intend to result, or which have resulted in, the sale of services to consumers despite Defendants being unlicensed to provide those services at that time.

56. Defendants' advertising that they can legally provide installation services is false and misleading to a reasonable consumer, including Plaintiff and the Class, because Defendants in fact were not legally permitted by law to provide security system installation services but nevertheless provide those services to consumers at full price.

57. Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendants violated, and continue to violate, Section 1770(a)(5) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the authority, status and approval to perform the services.

58. Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. By engaging in the conduct set forth herein, Defendants violated, and continue to violate, Section 1770(a)(7) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular standard, quality or grade of the services. Specifically, work being performed by unlicensed workers rather than licensed workers.

59. Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendants violated, and continue to violate, Section 1770(a)(9), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants advertise services with the intent not to sell the services as advertised.

60. Plaintiff and the Class acted reasonably when they purchased security system installation services from Defendants on the belief that Defendants' representations were true and lawful.

61. Plaintiff and the Class suffered injuries caused by Defendants because (a) they would not have purchased or paid for Defendants' services had Defendants' represented that they were not properly licensed to perform the services provided and/or promised; (b) they would not have purchased services on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' services based on Defendants' misrepresentations and omissions; (d) Defendants' services did not have the characteristics, benefits, quality, authority, status or approval, as promised; and (e) Plaintiffs would not have allowed unlicensed persons to enter their home, do any work, allow them to inspect every part of the home, invade the homeowner's privacy and allow them to locate homeowner's' valuables, all without a background check as required by law.

62. Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendants' violations of the CLRA. On July 3, 2020, Plaintiff mailed an appropriate demand letter consistent with California Civil Code § 1782(a). Since Defendants fail to take corrective action within 30 days of receipt of the demand letter, Plaintiff will include a request for damages as permitted by Civil Code § 1782(d).

63. Wherefore, Plaintiff seeks injunctive and equitable relief for these

1  violations of the CLRA.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE UNFAIR COMPETITION LAW
### (California Business & Professions Code §§ 17200, et seq.)
### (AGAINST ALL DEFENDANTS)

64.  Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

65.  Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

66.  Defendants are subject to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

67.  Defendants' advertising that they could legally provide installation services is false and misleading to a reasonable consumer, including Plaintiff, because Defendants in fact were not legally permitted by law to provide security system installation services but nevertheless provide those services to consumers at full price.

68.  Defendants' business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, and the FAL and other applicable law as described herein.

69.  Defendants' business practices, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendants' advertising and its charging for unauthorized services is of no benefit to consumers.

70.  Defendants violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would be charged fees to provide

services that they were authorized and licensed to perform.

71.   Plaintiff and the Class acted reasonably when they paid for installation services based on the belief that Defendants would comply with applicable regulations and laws.

72.   Plaintiff and the Class lost money or property as a result of Defendants' UCL violations because (a) they would not have purchased or paid for Defendants' services had Defendants' represented that they were not properly licensed to perform the services provided and/or promised; (b) they would not have purchased services on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' services based on Defendants' misrepresentations and omissions; and (d) Defendants' services did not have the characteristics, benefits, quality, authority, status or approval, as promised. Plaintiffs would not have allowed unlicensed persons to enter their home, do any work, allow them to inspect every part of the home, invade the homeowner's privacy and allow them to locate homeowner's' valuables had they known that Best Buy was using unlicensed workers who had not undergone a background check as required by law.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE FALSE ADVERTISING LAW
### (California Business & Professions Code §§ 17500, et seq.)
(AGAINST ALL DEFENDANTS)

73.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

74.   Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

75.   California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq., makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any

advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

76. Defendants engaged in a scheme of charging customers full installation fees for services that they were not legal authorized to provide without a license. Defendants' advertising and marketing of their installation services misrepresented and/or omitted the true content and nature of Defendants' services. Defendants' advertisements and inducements come within the definition of advertising as contained in Bus. & Prof. Code § 17500, et seq. in that their representations were intended as inducements to purchase security systems and pay Defendants for their installation services. Defendants' representations were disseminated by Defendants to Plaintiff and Class members. Defendants knew that these statements were unauthorized, inaccurate, and misleading.

77. Defendants violated § 17500, et seq. by misleading Plaintiff and the Class to believe that Defendants would perform installation services in compliance with applicable laws and regulations.

78. Defendants knew or should have known, through the exercise of reasonable care that its advertising of its ability to provide installation services was false and misleading. Further, Defendants knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees for services that it knew it was not permitted to perform under law.

79. Plaintiff and the Class lost money or property as a result of Defendants' UCL violations because (a) they would not have purchased or paid for Defendants' services had Defendants' represented that they were not properly licensed to perform the services provided and/or promised; (b) they would not have purchased services on the same terms absent Defendants' representations and

omissions; (c) they paid a price premium for Defendants' services based on Defendants' misrepresentations and omissions; and (d) Defendants' services did not have the characteristics, benefits, quality, authority, status or approval, as promised. Plaintiffs would not have allowed unlicensed persons to enter their home, do any work, allow them to inspect every part of the home, invade the homeowner's privacy and allow them to locate homeowner's' valuables had they known that Best Buy was using unlicensed workers who had not undergone a background check as required by law.

## FOURTH CAUSE OF ACTION
## VIOLATION OF LICENSE REQUIREMENT
### (California Business & Professions Code § 7592)
### (AGAINST ALL DEFENDANTS)

80.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

81.   Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

82.   Cal. Bus. & Prof. Code § 7592 makes it unlawful for any person to engage within California in the activities of an alarm company operator . . . unless the person holds a valid alarm company operator's license.

83.   Cal. Bus. & Prof. Code § 7590.2 defines "alarm company operator" as "a person who, for any consideration whatsoever, engages in business or accepts employment to install, maintain, alter, sell on premises, monitor, or service alarm systems . . ."

84.   Defendants engaged in a scheme of charging customers full installation fees for services that they were not legal authorized to provide without a license.  Defendants' advertising and marketing of their installation services misrepresented and/or omitted the true content and nature of Defendants' services. Defendants' advertisements and inducements were intended as inducements to

purchase security systems and pay Defendants for their installation services. Defendants' representations were disseminated by Defendants to Plaintiff and Class members. Defendants knew that these statements were unauthorized, inaccurate, and misleading.

85.  Defendants violated § 7592 by failing to either acquire a license prior to performing installation services or showing Plaintiff proof of licensure at the time the service were to be provided. Defendants intentionally or negligently mislead Plaintiff and the Class to believe that Defendants would perform installation services in compliance with applicable laws and regulations.

86.  Defendants knew or should have known, through the exercise of reasonable care that its advertising of its ability to provide installation services was false and misleading.  Further, Defendants knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees for services that it knew it was not permitted to perform under law.

87.  Plaintiff and the Class lost money or property as a result of Defendants' UCL violations because (a) they would not have purchased or paid for Defendants' services had Defendants' represented that they were not properly licensed to perform the services provided and/or promised; (b) they would not have purchased services on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' services based on Defendants' misrepresentations and omissions; and (d) Defendants' services did not have the characteristics, benefits, quality, authority, status or approval, as promised. Plaintiffs would not have allowed unlicensed persons to enter their home, do any work, allow them to inspect every part of the home, invade the homeowner's privacy and allow them to locate homeowner's' valuables had they known that Best Buy was using unlicensed workers who had not undergone a background check as required by law.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PROVIDE OR CARRY TEMPORARY LICENSURE**
**APPLICATION OR VALID REGISTRATION**
**(California Business & Professions Code § 7598.7)**
(AGAINST ALL DEFENDANTS)

88.   Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

89.   California Business & Professions Code § 7598.7 provides:

"[A]n employee of a licensee may be assigned to work with a temporary application for registration until the bureau issues a registration card or denies the application for registration. A temporary application for registration shall be a copy of the initial application. Any alarm agent employee assigned to work must carry either a temporary application for registration or a valid registration. A temporary application for registration shall in no event be valid for more than 120 days."

90.   The acts alleged above were conducted without proper licensure to install in home alarm systems. Further, Defendants' agents, employees and/or independent contractors failed to either carry or present proof of their temporary application for registration or their valid registration at the time the agents, employees and/or independent contractors performed installation and technology services for Plaintiffs.

91.   In committing these acts without a license to do so, Defendants interfered or attempted to interfere with the exercise or enjoyment by Plaintiff's rights secured by the California Business & Professions Code, or by the laws of California.

92.   Unbeknownst to Plaintiff and the Class, Defendants were sending unlicensed workers, who's background was no properly investigated, into Class members' homes. Many of these unlicensed workers may have had criminal backgrounds which, if known, would have allowed Plaintiff and the Class to refuse service to prevent the inherent disclosure of valuable items and possessions in their

private residence to potentially harmful individuals. The licensure and carrying proof of registration requirements ensure that Plaintiffs are protected from these exact harms. Defendants have failed to abide by these regulations which has harmed the Class members.

93. As a direct and proximate result of Defendants' wrongful acts, Plaintiff and Class members have experienced physical damage, intrusion onto property, and resulting anxiety caused by unlicensed workers entering their homes. Plaintiff and the Class have suffered monetary damages and mental harm by the processes, procedures, policies, customs, and/or practices undertaken by Defendants.

94. Defendants' unlawful behavior was a substantial factor in causing Plaintiff and Class members' harm.

**SIXTH CAUSE OF ACTION**
**Breach of Express Warranty**
(AGAINST ALL DEFENDANTS)

95. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

96. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

97. In connection with the sale of installation services, Defendants issued an express warranty that Defendants, or their hired third party agents, were properly licensed to perform the services offered.

98. Defendants' affirmation of fact and promise in Defendants' marketing became part of the basis of the bargain between Defendants and Class members, thereby creating express warranties that the services would conform to Defendants' affirmation of fact, representations, promise, and description.

99. Defendants breached their express warranty because Defendants and their third party contractors are not properly licensed. In fact, Defendant charged its customers the full amount of its installation fees even though it knew or should

have known that it was not permitted to perform the services at all.

100. Plaintiff and the Class suffered injuries caused by Defendants because (a) they would not have purchased or paid for Defendants' services had Defendants' represented that they were not properly licensed to perform the services provided and/or promised; (b) they would not have purchased services on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' services based on Defendants' misrepresentations and omissions; and (d) Defendants' services did not have the characteristics, benefits, quality, authority, status or approval, as promised. Plaintiffs would not have allowed unlicensed persons to enter their home, do any work, allow them to inspect every part of the home, invade the homeowner's privacy and allow them to locate homeowner's' valuables had they known that Best Buy was using unlicensed workers who had not undergone a background check as required by law.

## SEVENTH CAUSE OF ACTION
### Negligent Misrepresentation
(AGAINST ALL DEFENDANTS)

101. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

102. Plaintiff bring this claim individually and on behalf of the members of the proposed Class against Defendants.

103. As discussed above, Defendants misrepresented that it was licensed, or would provide a licensed agent, to perform the installation services.  However, Defendants in fact charges full price for services that it was not legally permitted to perform.

104. At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

105. At an absolute minimum, Defendants negligently misrepresented

and/or negligently omitted material facts about its or its agents' unlicensed status.

106. The negligent misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Defendants' security systems and installation services.

107. Plaintiff and Class members would not have purchased Defendants' security systems and installation services, or would not have purchased the services on the same terms, if the true facts had been known.

108. The negligent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

**EIGHTH CAUSE OF ACTION**
**Unjust Enrichment**
(AGAINST ALL DEFENDANTS)

109. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

110. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

111. Plaintiff and members of the Class conferred benefits on Defendants by paying, and being charged, installation fees despite Defendants' inability to legally provide those services.

112. Defendants have knowledge of such benefits.

113. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' fees. Retention of those moneys under these circumstances is unjust and inequitable because Defendants are charging its customers full price for services not permitted by law. These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have paid Defendants' fees had the true facts been known.

114. Because Defendants' retention of the non-gratuitous benefits

conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## NINTH CAUSE OF ACTION
### Conversion
### (AGAINST ALL DEFENDANTS)

115. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

116. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

117. Plaintiff and members of the Class had a right to retain their installation fees until, and only after, Defendants provided proof of licensure and performed requested installation services. Defendants intentionally charged Plaintiff's and Class members' debit and credit cards in the full amount of the installation fees prior to performing the installation services and prior to showing proof of licensure to perform the services. Plaintiff and Class members did not consent to Defendants' charging of their debit and credit cards for services that Defendants were not legally permitted to perform; Plaintiff and Class members were harmed through Defendants' charging of their debit and credit cards; Defendants' conduct was a substantial factor in causing Plaintiff and Class members' harm.

## TENTH CAUSE OF ACTION
### Breach of Contract
### (AGAINST ALL DEFENDANTS)

118. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

119. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

120. Defendants entered into contracts with Plaintiff and Class members to

provide installation services in exchange for the payment of fees.

121. Defendants intentionally charged Plaintiff and Class members' debit and credit cards in the full amount of the installation fees prior to performing the installation services and prior to showing proof of licensure to perform the services. Plaintiff and Class members did not consent to Defendants' charging of their debit and credit cards for services that Defendants were not legally permitted to perform.

122. Defendants have breached these contracts by accepting payment of fees under a contract for services that it knew or should have known it could not legally perform.

123. Plaintiff and Class members have suffered damages as a direct and proximate result of Defendants' breach of its agreement with Plaintiff to provide services. Plaintiff and the class have suffered damages through the payment of fees. In addition to any consequential damages suffered, Plaintiffs are entitled to full reimbursement of fees and expenses for purchasing and installing security systems that were installed by unlicensed agents.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a)    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b)    For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the California Subclass and Plaintiff's attorneys as Class Counsel to represent the California Subclass members;

c)    For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

d)    For an order finding in favor of Plaintiff, the Class, and the California Subclass, on all counts asserted herein;

e)    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f)    For prejudgment interest on all amounts awarded;

g)    For an order of restitution and all other forms of equitable monetary relief;

h)    For injunctive relief as pleaded or as the Court may deem proper; and

i)    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit;

j)    For general damages according to proof;

k)    For all special damages according to proof; and

l)    For such other further relief allowed by law that the Court finds just and proper.

m)    Plaintiff requests for damages as permitted by Civil Code § 1782(d).

n)    For all reasonable attorney's fees and costs according to proof.

o)    For all damages to all class members.


Dated: September 3, 2020                    Respectfully submitted,

                                            **KHASHAYAR LAW GROUP**


                                            *Daryoosh Khashayar*
                                            Daryoosh Kashayar, Esq.
                                            Attorneys for Plaintiffs

-26-